UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

Case No. 10-8017

ORDER GRANTING INVOLUNTARY PETITION

The relief set forth on the following pages, for a total of 7 pages including this page, is hereby Ordered.

**FILED BY THE COURT**
**01/06/2011**



_____
US Bankruptcy Judge
District of South Carolina

Entered: 01/07/2011

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 10-8017 |
| WILLIAM L. STEIN, ) | Chapter 7 |
| ) | Hon. Helen E. Burris |
| Debtor. ) | **ORDER** |
| _____ ) | |

This matter comes before the Court for hearing on December 28, 2010 upon an Involuntary Petition (the "Petition") for relief filed pursuant to Chapter 7 of Title 11 of the United States Code ("Bankruptcy Code") filed against the Debtor by petitioning creditors US Bancorp Equipment Finance, Inc.; US Bank, NA; Aquesta Bank; Palmetto Bank; The Huntington National Bank; and American Bank. (See Doc. 1). Creditors M&I Equipment Finance Company and People's Capital and Leasing Corp. subsequently joined in the Petition. (See Docs. 19 and 23). Hereinafter, the aforementioned creditors will be referred to collectively as "Creditors" or "Petitioners". The Court has entered an Order granting the Involuntary Petition and this Order sets forth the findings of facts and conclusions of law regarding the grant for relief.

### HISTORY OF CASE

As noted above, on November 8, 2010, an involuntary petition (the "Petition") for relief filed pursuant to Chapter 7 of Title 11 of the United States Code ("Bankruptcy Code") was filed against the Debtor by petitioning creditors US Bancorp Equipment Finance, Inc.; US Bank, NA; Aquesta Bank; Palmetto Bank; The Huntington National Bank; and American Bank. (See Doc. 1). Creditors M&I Equipment Finance Company and People's Capital and Leasing Corp. subsequently joined in the Petition. (See Docs.

2

19 and 23). Hereinafter, the aforementioned creditors will be referred to collectively as "Creditors" or "Petitioners".

On November 30, 2010, the Debtor filed his Answer to the Petition, denying that he borrowed money from any of the Creditors, that he executed guarantees that secured payment to the Creditors, and denying that he owes money to any of the Creditors.

## **DISCUSSION AND CONCLUSIONS**

Section 303(b) governing involuntary petitions under the Bankruptcy Code states in relevant part as follows:

> (b)    An involuntary case against a person is commenced by the filing with the bankruptcy court of a petition under chapter 7 or 11 of this title –
>
> > (1) by three or more entities, each of which is either a holder of a claim against such person that is not contingent as to liability or the subject of a bona fide dispute as to liability of amount, or an indenture trustee representing such a holder, if such noncontingent undisputed claims aggregate at least $14,425 more than the value of any lien on property of the debtor securing such claims held by the holders of such claims; . . . .

11 U.S.C. § 303(b).

At least three (3) of the Petitioners hold judgments against the Debtor in an amount exceeding $14,425. Furthermore, in the lawsuits in which the judgments were obtained, the Debtor never asserted that he did not owe the money and/or his signature was forged on the supporting documentation. Specifically, on March 22, 2010, M&I Equipment Finance Company obtained a judgment in the Anderson County Court of Common Pleas, Case No. 2009-CP-04-3275 ("the M&I case") against the Debtor, American Screw & Rivet Corp., and Nancy Stein, jointly and severally, in the amount of $697,500.00. The Judgment Order of the Honorable Alexander S. Macaulay referenced a previous Order dated December 9, 2009, ("the December 9 Order") in which it stated as a

3

finding of fact and conclusion of law that the Debtor "absolutely, unconditionally, and irrevocably guaranteed the full and prompt payment and discharge when due" of the underlying debt. It further stated that the Debtor offered no defense to the case. (See Docket No. 19).

On August 4, 2010, People's Capital and Leasing Corporation obtained a judgment in the Anderson County Court of Common Pleas, Case No. 2010-CP-04-00276, against the Debtor, American Screw & Rivet Corp, and Nancy Stein, jointly and severally, in the amount of $338,457.97 (the "People's case"). In the Order entered by The Honorable R. Lawton McIntosh, the Judge determined that the Defendants, including the Debtor, "failed to come forth with specific facts by affidavits, or otherwise, showing there is a genuine issue for trial," and that they have "offered no facts showing they are not in default under the leases and no facts showing the amount claimed due is not correct." (See Docket No. 23).

Finally, on September 22, 2010, US Bank, NA, obtained a final judgment in the United States District Court for the Northern District of Illinois, Case No. 09-cv-7312, against the Debtor, American Screw & Rivet Corp, and Nancy Stein, jointly and severally, in the amount of $296,981.76 ("the US Bank case"). (See Docket No. 25-1). In his Answer to the initial Complaint filed against the Debtor, a copy of which is attached hereto as Exhibit 1, the Debtor admitted that he executed a Commercial Guaranty to the bank to induce it to enter into the underlying loan agreement and that he is indebted to the bank, but never asserted as a defense that his signature was forged. (Debtor's Ans. ¶¶ 16, 53-55).

The Debtor has not appealed any of the aforementioned judgments however the Debtor offered testimony and presented copies of Rule 60(b) Motions that he caused to be filed just prior to this hearing in the Anderson County, South Carolina cases. The Debtor asserts that there is a bona fide dispute as to the judgments because he asserts that any documents that were presented in the cases where judgments had been entered were forgeries and as to the M&I case that he was not properly served with the Summons and Complaint. Although the Debtor testified that he had not been served with the lawsuit in the M&I case, the Debtor acknowledged he was properly served in the People's case and in the US Bank case. In each instance he testified that he turned the lawsuits over to his sister, who he trusted, to handle the matters for him; he acknowledged that his sister had hired lawyers to represent him in each of the cases and in two of the three cases responsive pleadings had been filed and the issues had been joined. In the M&I case the December 9 Order arose out of a hearing on M&I's Motion for Summary Judgment or, alternatively, to Enforce Settlement. Debtor acknowledged that he had authorized his sister, Nancy Stein, to engage Mr. Gertz to represent him and protect his interests in the M&I case. Debtor acknowledged that he was served with notice of the entry of the orders in the M&I case, but failed to raise any jurisdictional issue until a motion was filed in Anderson County on December 22, 2010 over a year after the December 9 Order. Debtor has failed to present any credible testimony or evidence in this matter that there is any bona fide defense to the M&I judgment.

The Petitioning Creditors have the burden of proof on all elements of 11 U.S.C. § 303(b) by the preponderance of the evidence. I find that the evidence of the final Judgments of the Petitioning Creditors establishes all of the elements necessary to be

established in order for relief to be granted. Accordingly, the burden of proof shifts to the Debtor to prove any defenses by the preponderance of evidence.

The Court of appeals as held in *In re Byrd*, 357 F.3d 433 (4th Cir. 2004) that a bona fide dispute exists only when there are substantial factual or legal questions that bear upon the debtor's liability and that it will be the unusual case in which a bona fide dispute exists in the face of claims reduced to judgments. The Debtor cannot collaterally attack final judgments and is collaterally estopped from doing so under the principal of *res judicata*. This Court must give preclusive effect to the judgments of M&I Equipment Finance Company, People's Capital and Leasing Corporation, and US Bank, NA, regarding the amount and validity of their claims pursuant to 28 U.S.C. § 1738, precluding the Debtor from now disputing the debt.

The Debtor inferentially argues that the findings in the judgment orders are based on inaccurate information presented to the courts by his counsel. However, in each instance the Debtor authorized his sister to act on his behalf, obtain counsel for him, and arrange defenses to the various claims. He further testified that he trusted his sister and relied upon her to protect his interest. He cannot now complain of the results when he failed to protect his own interests. The Debtor is a well educated individual with a college degree in business administration from Clemson University, he is physically and mentally competent, and he is the President and 33% owner of the American Screw and Rivet Corporation. This Court is not the proper forum to collaterally attack the judgments but even if it were, this Court finds that he has waived and estopped by his conduct to do so.

The Debtor has failed to present any credible evidence with any degree of specificity which places the Petitioners claim in a bona fide dispute. Accordingly I find that the Debtor has not raised anything more than a mere suggestion that a bona fide dispute could exist. *See In re Byrd*, 357 F.3d 433 (4th Cir. 2004)(stating that a debtor's subjective beliefs do not give rise to a bona fide dispute and the debtor must demonstrate the existence of a bona fide dispute by offering evidence in support of his contention, and holding that the debtor cannot defeat the petitioner's standing to file an involuntary petition by refusing to concede the validity of the petitioner's claim without presenting any evidence to support his factual and legal arguments).

Based upon the findings of fact set forth herein,

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Involuntary Petition of the Petitioning Creditors is hereby granted and a form Order granting such relief shall supplement this Order.

IT IS SO ORDERED.